UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20057-CR-LENARD/GOODMAN

UNITED STATES OF AMERICA,

v.

FRANCISCO WEEKS, et al.,

    Defendants.

_____/

## ORDER RE: QUESTIONING AT
## EVIDENTIARY HEARING ON SUPPRESSION MOTIONS

    What is a leading question? Equally as important, what is *not* a leading question? These related issues, flip sides of the same trial procedures coin, arise from yesterday's evidentiary hearing on two motions to suppress filed by both Defendants [ECF Nos. 40; 46]. The hearing was adjourned, and not completed, because an unexpected family emergency required a fact witness to leave the country the day before the hearing. The evidentiary hearing will be resumed after the witness, a Miami-Dade Police Department detective, returns to the country.

    During yesterday's multi-hour evidentiary hearing, there were several objections made to the purportedly leading nature of certain questions. Most of those objections were overruled because the questions were not, in fact, leading. Because the parties will

be appearing again soon for the continuation of the evidentiary hearing, the Undersigned will outline my perspective on what is, and what is not, a leading question.

Although the questions which triggered the objection could have been answered with either a "yes" or "no" response, most of them were not impermissibly leading. As succinctly explained by a Florida appellate court, a question which "suggests only the answer yes is leading; a question which suggests only the answer no is leading; but a question which may be answered **either** yes or no, and suggests neither answer as the correct one, is not leading." *Porter v. State*, 386 So.2d 1209, 1211 (Fla. 3d DCA 1980) (emphasis added).

In *Porter*, Florida Third District Court of Appeal Judge Daniel S. Pearson, writing for a unanimous panel, explained that the abbreviated definition of an impermissibly leading question as one which may be answered yes or no is "misleading." *Id.*, at 1212. Judge Pearson's opinion contains the following rationale: "If interrogation did not lead, a trial would get nowhere. . . .  A question must invite the witness's attention to **something.** . . . [I]t may be said that ordinarily a question is not improperly leading unless it suggests what the answer should be or contains facts which in the circumstances can and should originate with the witness." *Id.* (emphasis added).

Based on this more-developed, more-realistic and more-nuanced understanding of what is and is not an impermissibly leading question, the Third District Court of

Appeal in *Porter* reversed a defendant's conviction for sale and possession of heroin. The defendant himself took the stand and, during the brief direct examination, the trial judge sustained the prosecutor's "leading" objection to the following question: "Did you ever sell heroin to [primary state witness]?" *Id.*, at 1211. The appellate court held that this was reversible error and explained in detail why the question was not improperly leading:

> The State is obdurate in its insistence that the questions were leading. It suggests that since defense counsel obviously expected his client to give a negative answer to the question, it is therefore leading. If this were so, then all questions asked by counsel who had interviewed or deposed witnesses beforehand would be leading.

*Id.* at 1213.

Therefore, many of the questions asked during yesterday's evidentiary hearing were not, in my view, impermissibly leading. They would have been leading *if* phrased *differently*, to suggest the answer. But they were not phrased in that way nor were they phrased in a manner designed to suggest the answer. To the contrary, they were phrased in a neutral way, calling for *either* a yes or no answer and not suggesting one or the other. They were therefore not leading questions. *See Porter*, 386 So.2d 1209. *See also* 24 Fla. Jur. 2d Evidence and Witnesses § 849; 81 Am. Jur. 2d Witnesses § 717 ("a question to which an answer of yes or no would be conclusive of the matter in issue is not necessarily leading"); *see generally State v. Clayton,* 570 So.2d 519, 528 (5th Cir. La.

1990) ("a question calling for a 'yes' or 'no' response is not leading unless that question also suggests to the witness *which* of those responses to give").

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 18, 2016.

                                             _____
                                             Jonathan Goodman
                                             UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Joan A. Lenard
All counsel of record